# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL CRISOSTOMO,**<br><br>    Plaintiff,<br><br>    v.<br><br>**AKIMA FACILITIES MANAGEMENT, LLC,**<br><br>    Defendant. | **Case No.: 13-cv-5187 YGR**<br><br>**ORDER:**<br>**1) TO SHOW CAUSE RE: CITIZENSHIP OF LLC MEMBERS;**<br>**2) DISCHARGING ORDER TO SHOW CAUSE RE: FAILURE TO COMPLY WITH CIVIL LOCAL RULE 7-3(A);**<br>**3) VACATING MOTION HEARING** |

TO THE PARTIES AND THEIR COUNSEL OF RECORD:

Defendant Akima Facilities Management, LLC, is **ORDERED TO SHOW CAUSE** why this case should not be remanded to the California Superior Court in and for Alameda County ("the state court") for want of subject-matter jurisdiction.

Defendant removed this case from the state court on November 6, 2013. (Dkt. No. 1.) Defendant's sole stated basis for removal was diversity jurisdiction. (*Id.*) Specifically, Defendant alleged that the amount in controversy in this matter exceeded $75,000, that there was complete diversity of citizenship between the parties, that the matter therefore could have been brought under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), and that removal was therefore appropriate under 28 U.S.C. § 1441(a)(1). The Court accepts Defendant's showing regarding the amount in controversy. This Order to Show Cause issues because Defendant has made an inadequate showing with respect to diversity.

A district court must remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A diversity case may only be removed pursuant to § 1332 "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). In this case, Defendant is an LLC, that is, a limited liability corporation. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, to establish diversity, Defendant must specify the citizenship of every state of which its owners or members are citizens, and establish that Defendant, which holds citizenship in each of those states, is not a citizen of California. (*See* Dkt. No. 1. ¶ 8 (alleging that Plaintiff is a California citizen).)

Here, Defendant has not carried its burden. Rather, Defendant has specified only the state under whose laws it was formed and its principal place of business. (Dkt. No. 1. ¶ 9.) Those facts are responsive to the test for citizenship for a corporation, *see* 28 U.S.C. § 1332(c)(1), but for diversity purposes, LLCs are treated like partnerships, not corporations, *Johnson*, 437 F.3d at 899. "[D]espite the functional similarity between limited partnerships and corporations, a limited partnership's citizenship for diversity purposes can be determined only by reference to all of the entity's members." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)). The same holds true for an LLC. *Johnson*, 437 F.3d at 899. Accordingly, Defendant must specify the citizenship of each of its members to demonstrate that it satisfies the requirement of complete diversity from Plaintiff, an alleged California citizen.

No later than **Friday, February 14, 2014**, Defendant shall file a written Response to this Order to Show Cause. Defendant's response shall set forth the basis for its assertion of complete

diversity of citizenship from Plaintiff, and shall include declarations or affidavits supporting any statements of fact, consistent with Civil Local Rule 7-5.

The Court **SETS** an Order to Show Cause hearing for its 9:01 a.m. Calendar on **Friday, February 21, 2014**, in Courtroom 5 of the United States Courthouse located at 1301 Clay Street in Oakland, California. If Defendant has timely filed its Response, the hearing shall be taken off calendar and no appearance shall be required. Failure to file a Response timely may result in sanctions.

The Court **DISCHARGES** without further effect the Order to Show Cause issued on December 4, 2013. The Court is satisfied with Plaintiff's response. (Dkt. No. 16.)

The Court **VACATES** the motion hearing set for February 11, 2014. The motion hearing may be reset if necessary.

**IT IS SO ORDERED.**

Dated: February 10, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**