United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL CRISOSTOMO,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**AKIMA FACILITIES MANAGEMENT, LLC,**<br><br>　　　　Defendant. | Case No.: 13-CV-5187 YGR<br><br>**ORDER PARTLY GRANTING AND PARTLY DENYING MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

## I.　INTRODUCTION

Plaintiff Daniel Crisostomo brings this wrongful termination action against Defendant Akima Facilities Management, LLC.  (Dkt. No. 1, Ex. A ("Complaint").)  As presently framed, the gravamen of Plaintiff's Complaint is that Defendant unlawfully fired him from his position as an electrician at a U.S. Department of Agriculture facility in Albany, California, after Plaintiff reported to a workplace supervisor that two co-workers had stolen copper pipe from the facility.  (*Id.* ¶¶ 8-10.)  Thereafter, Plaintiff allegedly was subjected to a variety of harassing behaviors by his supervisor and others.  (*Id.* ¶¶ 11-23.)  The alleged harassment allegedly caused Plaintiff to suffer from "stress symptoms" consisting of a stutter and "heart, lung, and stomach symptoms." (*Id.* ¶ 19.)  These symptoms allegedly prompted Plaintiff to file a workers' compensation claim.  (*Id.* ¶ 21.)  Plaintiff further alleges that Defendant failed to comply with a written request to provide Plaintiff with a copy of his employment records.  (*Id.* ¶ 22.)  Defendant ultimately terminated Plaintiff from his position, allegedly "to harass and retaliate against [Plaintiff] in response to [Plaintiff's] report of theft . . . ."  (*Id.* ¶ 23.)  Plaintiff filed a Complaint of Discrimination with California's Department of Fair Employment and Housing ("DFEH") and received a right-to-sue

1  letter.  (*Id.* ¶ 25; Compl., Ex. A ("DFEH Complaint").)  Plaintiff thereafter filed this lawsuit in
2  California state court.  Defendant, a Colorado LLC whose members are Alaska citizens, removed
3  the case to this Court on diversity grounds.  (Dkt. No. 1 ¶¶ 8-24.)[1]

4  Plaintiff's Complaint asserts four causes of action arising under California law: (1) work
5  environment harassment in violation of California's Fair Employment and Housing Act ("FEHA"),
6  California Government Code section 12940(j); (2) retaliation in violation of FEHA, California
7  Government Code section 12940(h); (3) retaliation in violation of California Labor Code section
8  6310; and (4) a request for injunctive relief and penalty under California Labor Code section 226.
9  On November 12, 2013, Defendant filed a motion to dismiss all four claims with prejudice.  (Dkt.
10 No. 7 ("Motion").)  The Motion is fully briefed.  (Dkt. Nos. 12 ("Opp'n"), 17 ("Reply").)

11 Having given the pleadings and briefs in this action full consideration, for the reasons set
12 forth below the Court **GRANTS** Defendant's Motion to the extent it seeks dismissal of Plaintiff's
13 first, second, and third claims, but **DENIES** the Motion insofar as it seeks dismissal of Plaintiff's
14 fourth claim, or dismissal of any claim with prejudice.[2]  Plaintiff has **LEAVE TO AMEND** his
15 Complaint.

16 **II.   DISCUSSION**

17     **A.   CLAIMS 1 & 2—FEHA CLAIMS**

18 Defendant argues that Plaintiff's first and second claims, which assert violations of FEHA,
19 fail because reporting workplace theft is not a protected activity under California Government Code
20 section 12940, subsections (h) and (j).  (Mot. at 6-7.)  Plaintiff tacitly concedes this point in his
21 Opposition by reframing the cause of the alleged harassment, switching from the report of

---

[1] On February 10, 2014, the Court issued an Order to Show Cause requiring Defendant to demonstrate diversity, since Defendant's notice of removal failed to specify the citizenship of the members of its LLC.  (Dkt. No. 20.)  On February 14, Defendant responded to the Order to Show Cause.  (Dkt. No. 21.)  Defendant's response and accompanying declaration specify the citizenship of its LLC members and establish that the requirement of complete diversity is met in this case.  Accordingly, the Court **DISCHARGES** the Order to Show Cause without further effect, and retains jurisdiction over this matter.

[2] The Court vacated oral argument on this Motion pursuant to Civil Local Rule 7-1(b).  (Dkt. No. 20.)

workplace theft that he stressed in both his DFEH Compliant and his Complaint before this Court, to his filing of a worker's compensation claim.  (Opp'n at 5-6.)  Accordingly, the Court **GRANTS** Defendant's Motion with respect to Claims 1 and 2.  Even without Plaintiff's concession, the Complaint as presently framed fails to meet federal pleading standards concerning Plaintiff's apparently revised theory, as it emphasizes that the alleged wrongful termination occurred as a result of Plaintiff's report of theft.  *See Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011) (complaint must be "sufficiently detailed to give fair notice to the opposing party of the nature of the claim").

        Defendant offers three reasons to dismiss Plaintiff's FEHA claims with prejudice, none of which persuade.  First, Defendant suggests that amendment would be futile because "workers' compensation retaliation cases cannot be heard in court."  (Reply at 3.)  The sole case Defendant cites for this proposition, however, states merely that California Labor Code section 132a, which prohibits retaliation against injured workers, bars *common-law tort* claims—not, as Defendant implies, all workers' compensation retaliation claims.  *Dutra v. Mercy Med. Ctr. Mt. Shasta*, 209 Cal. App. 4th 750, 756 (2012).  Hence, Defendant's cited authority fails to carry its burden of persuasion.  Second, Defendant invokes California's "sham pleading" doctrine to argue that Plaintiff impermissibly seeks to evade dismissal by having omitted relevant allegations from his Complaint.  (Reply at 3-4.)  Assuming arguendo that a California state pleading doctrine has any applicability in this Federal court, Defendant fails to show what allegations Plaintiff omitted.  While it is true that Plaintiff's Complaint identifies his report of workplace theft as the cause of the harassment, Plaintiff's Complaint and DFEH Complaint both include Plaintiff's worker's compensation claim.  Contrary to Defendant's characterization, neither the Complaint in this Court nor Plaintiff's DFEH Complaint omitted his worker's compensation claim.  Finally, Defendant argues that Plaintiff cannot amend his Complaint because it, as well as the DFEH Complaint, stressed that the basis of the alleged harassment was Plaintiff's report of workplace theft; Defendant suggests that amendment to identify a different basis for membership in a class protected by FEHA would overstep the authorization to sue provided by DFEH.  (*See* Reply at 3; *see also* Mot. at 7-8 (arguing that failure to assert membership in a class protected by FEHA results in a failure to

exhaust administrative remedies).)  The Court disagrees.  The DFEH's right-to-sue letter indicated that it had been issued because Plaintiff requested an immediate right-to-sue letter because he wished to proceed in court.  The DFEH granted him the right to sue on that basis, and did not specifically limit the scope of Plaintiff's lawsuit to only the legal theory articulated in the DFEH Complaint.  (Compl., Ex. A, at A1.)  Defendant proffers no authority that would preclude Plaintiff from amending his Complaint in these circumstances, especially in view of the "extremely liberality" with which Federal courts must give leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Defendant's Motion with respect to Claims 1 and 2 is **GRANTED IN PART AND DENIED IN PART**.  Claims 1 and 2 are **DISMISSED**, and Plaintiff has **LEAVE TO AMEND** consistent with his representations to the Court and the guidance in this Order.

### B.   CLAIM 3—CAL. LABOR CODE § 6310

Plaintiff's third claim asserts unlawful retaliation in violation of California Labor Code section 6310.  That code section provides, in pertinent part:

> Any employee who is discharged . . . by his or her employer because the employee has made a bona fide oral or written complaint to . . . his or her employer . . . *of unsafe working conditions, or work practices*, in his or her employment or place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

Cal. Lab. Code § 6310(b) (emphasis supplied).  Plaintiff argues that the allegations of his Complaint are "consistent with reports of unsafe working conditions or work practice" because "Plaintiff initially told a *safety* supervisor that co-workers were stealing material from the place of employment; these co-workers were friends of another supervisor; [and] Plaintiff's health suffered" as a result of the alleged harassment.  (Opp'n at 6 (emphasis in original).)

Plaintiff's argument fails for two reasons.  First, some of the allegations Plaintiff marshals to show consistency with unsafe working conditions or practice have only a tangential relationship to workplace safety, at most.  For example, the alleged friendship between Plaintiff's supervisor and the co-workers on whom Plaintiff allegedly blew the whistle bears no discernable relationship to workplace safety.  Even to call that connection a stretch would be a stretch.  Second, even if the Court were to assume that Plaintiff's allegations *were* consistent with a report of an unsafe working

4

condition, allegations merely consistent with wrongdoing do not suffice to allege a plausible claim in Federal court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (allegations "merely consistent with" liability are insufficient to establish a plausible entitlement to relief under Federal Rule of Civil Procedure 8) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Both of these reasons warrant dismissal of Plaintiff's third claim.

Plaintiff states that he can amend to assert a *Tameny*[3] claim for wrongful discharge in violation of public policy. (Opp'n at 7.) Defendant argues that granting leave to amend along those lines would be futile and should be denied. (Reply at 4-6.) In support of that contention, Defendant cites *American Computer v. Superior Court* and *Foley v. Interactive Data Corp.* for the proposition that a claim for wrongful discharge cannot be sustained on allegations that a worker reported criminal activity in the workplace unless the report implicates a significant public interest going beyond the employer's private interest. (Mot. at 10 (citing *Am. Computer Corp. v. Superior Court*, 213 Cal. App. 3d 664 (Cal. Ct. App. 1989); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988)).) The Court notes that *American Computer*, at least, has been roundly criticized by later decisions of the California Court of Appeal. *See Franklin v. Monadnock Co.*, 151 Cal. App. 4th 252 (2007); *Collier v. Superior Court*, 228 Cal. App. 3d 1117 (Cal. Ct. App. 1991). Defendant attempts to distinguish *Franklin* and *Collier* on their facts, but never addresses the broader legal questions arising from those cases' criticism of *American Computer*. As such, Defendant has failed to make a showing sufficiently persuasive to overcome the strong federal policy in favor of granting amendment. The Court **DISMISSES** Plaintiff's Section 6310 claim but **GRANTS LEAVE TO AMEND**. Nothing in this Order prejudices Defendant from more fully elaborating its arguments in any further motions.

### C.    CLAIM 4—CAL. LABOR CODE § 226

Plaintiff's fourth claim rests on California Labor Code Section 226, which provides, in pertinent part: "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request." Cal.

---

[3] *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (1980).

Labor Code § 226(c). Remedies for violation of this section include a monetary penalty of $750, an injunction, and attorney fees. *Id.* §§ 226(f), (h).

Defendant argues in its Motion that this claim fails as a matter of law because injunctions are a form of relief, not causes of action in themselves. (Mot. at 10-11 (citing *Cnty. of Del Norte v. City of Crescent City*, 71 Cal. App. 4th 965, 973 (1999)).) However, as Plaintiff points out in his Opposition, that argument fails to apprehend that Labor Code Section 226 itself provides a substantive cause of action. (Opp'n at 7-8; *see also* Cal. Labor Code § 226(h).) In its Reply, Defendant changes tack, arguing that the Section 226 claim must be dismissed because Plaintiff has failed to plead facts in support of his legal conclusion that a Section 226 violation occurred. (Reply at 7 (citing *Iqbal*, 556 U.S. at 677).) Defendant's latter argument also lacks merit. The Complaint sets forth when Plaintiff requested his file, from whom, and the date on which Defendant refused to provide the file. (Compl. ¶ 22.) Plaintiff further alleges that he thereafter telephoned Akima "but was not able to obtain the requested file." (*Id.*) Defendant faults these allegations for failing to specify "how [Plaintiff] transmitted his 'written request' to Akima" and "to whom or where it was addressed." (Reply at 7.) Defendant's argument is unavailing. While more may be required at later stages,[4] for pleading purposes Plaintiff's allegations suffice to state a plausible claim. Accordingly, Defendant's Motion is **DENIED** with respect to Plaintiff's Section 226 claim.

## III.    CONCLUSION

For the foregoing reasons, the Court **PARTLY GRANTS AND PARTLY DENIES** the Motion to Dismiss of Defendant Akima Facilities Management, LLC. Plaintiff Daniel Crisostomo has **LEAVE TO AMEND** his Complaint consistent with this Order. Plaintiff shall file an Amended Complaint within **twenty-one days** of the signature date of this Order.

The Initial Case Management Conference scheduled for March 3, 2014 is **CONTINUED** to the Court's 2:00 p.m. Calendar on **Monday, June 2, 2014**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.

---

[4] *See, e.g.*, *Roberts v. Trimac Transp. Servs. (W.), Inc.*, C12-05302 HRL, 2013 WL 1441999, at *2 (N.D. Cal. Apr. 9, 2013) (denying plaintiff's motion for summary judgment on Section 226(c) claim where evidence showed that defendant's tardy response to plaintiff's request for file ultimately was due to plaintiff having sent request to wrong office).

This Order terminates Docket No. 7.

**IT IS SO ORDERED**.

Date: February 19, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**